The evidence is without dispute that a ROPS was available to the purchaser of the D8H when the machine was purchased. The law is that if knowledge of available safety options is brought home to the purchaser, the duty to exercise reasonable care in selecting those options appropriate to the intended use rests upon the purchaser. The purchaser is obviously the party best able to exercise the intelligent judgment to make the trade-off between cost and function, and the purchaser should bear any responsibility if the decision on optional safety equipment presents an unreasonable risk to users. To hold otherwise casts the manufacturer and supplier in the role of insurers, who must answer to injured parties in any event, because the purchaser, for economic or other reasons, elected not to purchase available safety options. See, Viss v. Tenneco, 64 A.D.2d 204,409 N.Y.S.2d 874 (1978). Because the majority holds that the jury could find that the tractor was defective in the condition in which it was sold, we must respectfully dissent. We are of the opinion that the trial court, as a matter of law, should have held that Caterpillar's *Page 860 
failure to equip the tractor with a ROPS did not render the tractor unreasonably dangerous or defective within the meaning of Alabama's extended manufacturer's liability doctrine, and that the trial court should have granted Caterpillar's motion for a directed verdict